|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | )<br>) | Criminal No. 07cr2061-JM |
|---|---|---|
| Plaintiff, | )<br>) | |
| v. | )<br>) | PRELIMINARY ORDER OF<br>CRIMINAL FORFEITURE |
| ANTHONY ANDREW SIBLEY, | )<br>) | |
| Defendant. | )<br>)<br>) | |

WHEREAS, in the Indictment filed August 2, 2007, in the above-captioned case, the United States sought forfeiture of all right, title and interest in the above-named defendant pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c) and also the forfeiture of the properties defendant, did knowingly and unlawfully possess in and affecting commerce firearms, in violation of 21 U.S.C. § 841(a)(1); 26 U.S.C. §§ 5861(d) and 5871; 18 U.S.C. § 922(k); 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. §§ 922(n) and 924(a)(2); 18 U.S.C. §§ 922(o) and 924(a)(2); and

WHEREAS, on or about November 6, 2007, the above-named defendant, Anthony Andrew Sibley pled guilty to Counts One, Two, Three, Four, Five and Six of the Indictment, and consented and agreed to forfeit all right, title, and interest in the following

assets listed below, which were properties used or intended to be used to commit or promote the commission of the offense described in Counts 1-6 and as such, the listed properties are thereby subject to forfeiture pursuant to 18 U.S. C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c):

    a)   a Colt "Commander" 9mm semi-automatic pistol;

    b)   a Jennings "Model 48" .380 semi-automatic pistol serial number 522465;

    c)   a Universal "Enforcer" .30 caliber carbine, serial number 405385;

    d)   a Davis Industries "0-32" over and under style Derringer, serial number 315280;

    e)   a Remington "522 Viper" .22 caliber rifle, serial number 3128828;

    f)   a Remington "550-1" .22 caliber rifle;

    g)   a Colt .380 caliber semi-automatic pistol; and

    i)   one silencer; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the requisite nexus between the forfeited property and the offense has been established; and

WHEREAS, pursuant to Rule 32(d)(2), the United States having requested the authority to seize the assets as said properties were properties used to commit the crime to which Defendant was found guilty; that is, in violation of 18 U.S.C. §§922(g)(5)(A) and 924(a)(2);

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the Defendant's guilty plea, the United States is hereby authorized to seize the above-referenced

assets, and all right, title and interest of Anthony Andrew Sibley is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. §§ 2253(a)(1) and (a)(3).

2. The aforementioned forfeited properties are to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to 18 U.S.C. § 2253(m), the United States forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States Marshals Service intent to dispose of the properties in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the

| | |
|---|---|
| 1 | Preliminary Order of Criminal Forfeiture, as a substitute for |
| 2 | published notice as to those persons so notified. |
| 3 |     4.  Upon adjudication of all third-party interests, this |
| 4 | Court will enter an Order of Forfeiture pursuant to 18 U.S.C. |
| 5 | § 853, in which all interests will be addressed. |
| 6 | DATED: March 17, 2008 |
| 7 | |
| 8 |                             Hon. Jeffrey T. Miller<br>                            United States District Judge |